IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIK NELSON,<br><br>        Petitioner,<br><br>   v.<br><br>DAVID ORTIZ,<br><br>        Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-10526 (JBS)<br><br>**OPINION** |

APPEARANCES:

Malik Nelson, Petitioner pro se
#60413-050
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

Craig Carpenito, United States Attorney
Jessica Rose O'Neill, Assistant United States Attorney
401 Market Street 4th Floor
PO Box 2098
Camden, NJ 08101
    Attorneys for Respondent David Ortiz

**SIMANDLE, District Judge:**

**I.   INTRODUCTION**

    This matter comes before the Court on Respondent David Ortiz's motion to dismiss Petitioner Malik Nelson's petition for writ of habeas corpus under 28 U.S.C. § 2241. [Docket Entry 8]. Petitioner moves for reconsideration of this Court's order permitting Respondent to file a motion to dismiss in lieu of an

answer. [Docket Entry 9]. For the reasons stated below, Petitioner's motion for reconsideration is denied. Respondent's motion to dismiss is granted.

## II. BACKGROUND

Petitioner was sentenced to 360 months imprisonment on August 13, 2008 after a District of New Jersey jury convicted him of conspiracy to distribute and possession with intent to distribute more than 50 grams of cocaine base, 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), (b)(1)(A), and possession with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(B). [*United States v. Nelson*, No. 1:06-00520-06, Judgment of Conviction (D.N.J. Aug. 13, 2008) [Docket Entry 288]]. This Court determined Petitioner qualified as a career offender under the sentencing guidelines based on his prior convictions in 1999, 2000, and 2005. [Transcript of Sentencing, Docket Entry 8-3 at 19:8 to 20:11]. *See also* U.S.S.G. § 4B1.1(a).

Petitioner filed a motion under 28 U.S.C. § 2255 on February 1, 2016 raising claims based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Nelson v. United States of America*, No. 16-550 (D.N.J. filed Feb. 1, 2016). On March 16, 2016, the Federal Public Defender's office entered an appearance on Petitioner's behalf and later submitted an amended § 2255 motion arguing that Petitioner's prior convictions for aggravated assault on a law enforcement

officer no longer qualified as crimes of violence. [Amended Motion, *Nelson*, No. 16-550 Docket Entry 7]. On April 3, 2017, Petitioner voluntarily dismissed the § 2255 motion. [Notice of Voluntary Dismissal, *Nelson*, No. 16-550 Docket Entry 8].

On November 1, 2017, Petitioner filed this petition under 28 U.S.C. § 2241. [Docket Entry 1]. The Court denied Petitioner's *in forma pauperis* application and administratively terminated the petition. [Docket Entry 2]. After receiving the filing fee and reopening the case, the Court ordered Respondent to answer the petition. [Docket Entry 4].

On May 23, 2018, Respondent requested permission to file a motion to dismiss in lieu of filing an answer. [Docket Entry 6]. It argued the Court lacked subject matter jurisdiction over the petition. [*Id.*]. The Court granted the request on May 25, 2018. [Docket Entry 7]. Respondent filed the motion to dismiss on June 8, 2018. [Docket Entry 8]. On June 15, 2018, Petitioner filed a motion for reconsideration arguing the Court erred by allowing Respondent to file a motion to dismiss without giving him time to object to the request. [Docket Entry 9]. Petitioner requested additional time to file his objection to the motion to dismiss, [Docket Entry 10], which the Court granted, [Docket Entry 12]. Petitioner filed his opposition to the motion to dismiss on August 23, 2018. [Docket Entry 13]. The matter is now ripe for disposition.

## III. STANDARD OF REVIEW

Local Civil Rule 7.1 allows a party to seek a motion for reargument or reconsideration of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked . . . ." Local Civ. R. 7.1(i). Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. *See DeLong v. Raymond Int'l Inc.*, 622 F.2d 1135, 1140 (3d Cir. 1980), *overruled on other grounds by Croker v. Boeing Co.*, 662 F.2d 975 (3d Cir. 1981); *see also Williams v. Sullivan*, 818 F. Supp. 92, 93 (D.N.J. 1993).

To prevail on a motion for reconsideration, the movant must show:

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court ... [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

*U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994).

**IV.  ANALYSIS**

**A.  Motion for Reconsideration**

Petitioner argues the Court erred by permitting the Respondent to file a motion to dismiss instead of an answer to the petition. [Docket Entry 9]. He argues he was not given notice or opportunity to respond to Respondent's request before the Court granted permission to file a motion to dismiss and that the order violates Rule 5(b) of the Rules Governing Habeas Proceedings. [*Id.*]. Respondent has not opposed his motion. The Court construes Petitioner's argument as stating there is a need to correct a clear error of law or fact or to prevent manifest injustice.

"[D]istrict courts have wide discretion in the management of their cases." *United States v. Wecht*, 484 F.3d 194, 217, 2007 WL 1086308 (3d Cir. 2007), *as amended* (July 2, 2007). *See also Yakowicz v. Pennsylvania*, 683 F.2d 778, 784 (3d Cir. 1982) (referring to the "broad powers with respect to timing and other considerations that [the district court] has generally in the management of the cases before it as they proceed through the various stages before and during trial"). "Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'" *Zambelli Fireworks*

*Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (quoting *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977)). The Court chose to exercise its discretion to permit the filing of the motion to dismiss prior to the submission of an answer in order to conserve limited judicial resources. Petitioner's due process rights are not implicated by the Court's managerial decision because he had notice of the motion to dismiss and an opportunity to respond to the motion, including a grant of an extension of time to respond. [Docket Entries 10, 11, 12].

The order also does not conflict with Habeas Rule 5(b).[1] Habeas Rule 5 sets out the requirements for the answer, which has not been filed yet. Habeas Rule 4 permits the Court to order the filing of "an answer, *motion*, or other response" after screening the habeas petition. Habeas Rule 4 (emphasis added). *See also Ukawabutu v. Morton*, 997 F. Supp. 605, 608 (D.N.J. 1998) ("The district court certainly has discretion to order or permit respondents, upon request, to file a motion to dismiss as one of the 'other actions' which the court may allow, including the discretion to permit the filing of a motion to dismiss before a respondent files an answer." (citing Habeas Rule 4

---

[1] *See* 28 U.S.C. § 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a).").

advisory committee's note; *White v. Lewis*, 874 F.2d 599 (9th Cir. 1989)). Habeas Rule 4 is the governing rule here, not Habeas Rule 5. Indeed, a court might well abuse its discretion if it refused to permit respondent to address a lack of jurisdiction to hear the case, since the matter of the court's subject matter jurisdiction may be raised at any time. Fed. R. Civ. P. 12(h)(3).

Petitioner has not shown that there is a need to correct a clear error of law or fact or to prevent manifest injustice. The Court therefore denies his motion for reconsideration.

**B. Motion to Dismiss**

Respondent argues the Court lacks jurisdiction over the petition under 28 U.S.C. § 2241. Petitioner opposes the motion and argues that he is entitled to the savings clause exception under 28 U.S.C. § 2255(e). [Docket Entry 13].

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a

7

prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Snyder v. Dix*, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); *see also In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).

Petitioner argues he qualifies for the savings clause exception because his *Mathis*[2] claim would not meet the gatekeeping requirements of § 2255(h) for second or successive motions because his claim "does not rely neither on newly discovered evidence nor on a new rule of constitutional law . . . ." [Docket Entry 13 ¶ 6]. He then goes on to state that "[h]<u>ad this been Petitioner's first timely § 2255 petition he would prevail under Mathis</u>." [*Id.* ¶ 7 (emphasis in original)]. This admission that he could have brought his *Mathis* claim in a § 2255 motion is fatal to his savings clause argument. "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam) (citing *Dorsainvil*, 119 F.3d at 251). "It is the inefficacy of the remedy, not the personal inability

---

[2] *Mathis v. United States*, 136 S. Ct. 2243 (2016).

to use it, that is determinative." *Id.* at 538 (citation omitted).

There is a spilt of authority among the courts of appeals about whether a prisoner may use § 2241 to challenge a career offender designation. The Third Circuit has not yet issued a precedential opinion on the matter. *See United States v. Rutherford*, No. 17-2269, 2018 WL 6720631, at *2 (3d Cir. Dec. 20, 2018) (non-precedential) ("We have not decided whether § 2241 is appropriate for bringing a claim that one is "innocent" of career offender status."). Presently in the Third Circuit, prisoners may use § 2241 to challenge their sentences after two conditions are satisfied: (1) there must be "a claim of actual innocence on the theory that [the prisoner] is being detained for conduct that has subsequently been rendered non-criminal . . . in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review," and (2) "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017) (quoting *United States v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2013)). "It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had

no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued." *Id.*

Here, Petitioner had a prior opportunity to raise his *Mathis* claim. *Mathis* was decided on June 23, 2016. 136 S. Ct. 2243 (2016). At that time, Petitioner had an amended § 2255 motion pending in this Court and was represented by the Federal Public Defender's Office. *See Nelson v. United States of America*, No. 16-550 (D.N.J. amended motion filed May 24, 2016). The motion was voluntarily withdrawn on April 3, 2017. Petitioner did not seek to add his *Mathis* claim to that § 2255 motion while it was pending before the Court. Because Petitioner had a prior opportunity to raise his *Mathis* claim, the Court lacks jurisdiction over it under the Third Circuit's current § 2241 case law.

## V. CONCLUSION

For the reasons stated above, the motion for reconsideration is denied. The motion to dismiss is granted.

An accompanying Order will be entered.

| | |
|---|---|
| **March 13, 2019** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | U.S. District Judge |